FILED
SEP 1 7 2012
DAVID CREWS, CLERK
BY _____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BAPTIST MEMORIAL HEALTH                                   PLAINTIFF
CARE CORPORATION

VS.                                       CIVIL ACTION NO. 3:12CV081-B-A

ALLIANCE HEALTHCARE SYSTEM, INC.
and MEDLAND, LLC                                          DEFENDANTS

## COMPLAINT

The Plaintiff, Baptist Memorial Health Care Corporation ("Baptist") hereby files suit against Alliance HealthCare System, Inc. ("Alliance") and Medland, LLC ("Medland") and states as follows:

### JURISDICTION AND VENUE

1. Baptist is a nonprofit corporation incorporated under the laws of Tennessee with its principal place of business in Memphis, Tennessee. Alliance is a corporation incorporated under the laws of Delaware with its principal place of business in Mississippi. Medland is a Mississippi limited liability company with its principal place of business in Mississippi. The sole member of Medland is Kenneth Williams, a resident of Mississippi.

2. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Alliance and Medland reside in this district.

## STATEMENT OF FACTS

4. On or about March 6, 2009, Alliance executed and delivered a Promissory Note promising to pay Baptist on or before September 30, 2009, the sum of Seven Hundred Fifty Thousand and No/100 ($750,000.00), together with interest from the date until maturity, upon disbursed and unpaid principal balances, at the rate specified in the Promissory Note (the "Promissory Note"). The Promissory Note stated that the entire principal of and unpaid interest on this Note shall be due and payable in full on September 30, 2009. A true and correct copy of the Promissory Note is attached hereto as Exhibit "A."

5. Alliance has not paid Baptist the amount owed under the Promissory Note.

6. Despite repeated demands for payment, Alliance has failed and refused to pay the amounts owed to Baptist under the Promissory Note. A true and correct copy of a demand letter from Baptist to Alliance is attached hereto as Exhibit "B."

7. Medland guaranteed "the punctual payment by Maker of all amounts due pursuant to this Note when due and the performance by Maker of all of its obligations set forth in this Note," as evidenced by Medland's execution of the Promissory Note as guarantor.

8. In a letter dated December 6, 2010, Baptist notified Medland of Alliance's default on the Promissory Note. A true and correct copy of the letter is attached hereto as Exhibit "C." The letter further stated that Baptist will seek recovery from Medland in the event that Alliance fails to make payment on the Promissory Note.

9. Medland has failed and refused to honor its obligation as guarantor on the Promissory Note, and to pay the amounts due and owing to Baptist under the Promissory Note.

JM BKC 1083213 v2
2132202-040438 09/13/2012

## COUNT ONE

10. Baptist incorporates by reference paragraphs 1 through 9 above, as if fully set forth herein.

11. Due to Alliance's default on the Promissory Note, and Alliance's failure and refusal to pay the amount owed to Baptist under the Promissory Note, Baptist is entitled to recover against Alliance the sum of $750,000, plus interest at the rate set forth in the Promissory Note, and costs.

12. Additionally, the Promissory Note states that if the Note is placed in the hands of an attorney for collection, by suit or otherwise, or to enforce its collection, Baptist is entitled to payment of all costs of collection and litigation, together with a reasonable attorney's fee and legal expenses.

## COUNT TWO

13. Due to the failure and refusal of Medland to honor its obligation as guarantor under the Promissory Note, and to pay to Baptist the amounts owed under the Promissory Note, Baptist is entitled to a judgment against Medland in the amount of $750,000, plus interest at the rate calculated in the Promissory Note, and costs.

14. Additionally, the Promissory Note states that if the Note is placed in the hands of an attorney for collection, by suit or otherwise, or to enforce its collection, Baptist is entitled to payment of all costs of collection and litigation, together with a reasonable attorney's fee and legal expenses.

JM BKC 1083213 v2
2132202-040438 09/13/2012

## DEMAND FOR RELIEF

WHEREFORE, Baptist Memorial Health Care Corporation demands judgment against Alliance HealthCare System, Inc. and Medland, LLC, jointly and severally, in the amount of $750,000, plus interest at the rate calculated in the Promissory Note, as well as an award of attorney's fees, expenses and costs incurred by Baptist in this suit. Baptist demands such further and additional relief as the Court deems appropriate and just.

Dated: September 14, 2012.

Respectfully submitted,

BAPTIST MEMORIAL HEALTH CARE CORPORATION

By Its Attorneys

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

BY: *Jason R. Bush*
Jason R. Bush

Barry K. Cockrell (MS Bar #6327)
Jason R. Bush (MS Bar #100451)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Meadowbrook Office Park
4268 I-55 North
Jackson, MS 39211
Telephone: (601) 351-2426
Facsimile: (601) 592-2426

PROMISSORY NOTE

$750,000.00                                                                 Memphis, Tennessee
                                                                            March 6, 2009

    ON OR BEFORE September 30, 2009, the undersigned, ALLIANCE HEALTHCARE SYSTEM, INC., a Delaware corporation, having its principal place of business in Holly Springs, Mississippi (the "Maker"), promises to pay to the order of BAPTIST MEMORIAL HEALTH CARE CORPORATION, a Tennessee nonprofit corporation having its principal place of business in Memphis, Tennessee (the "BMHCC"), the principal sum of Seven Hundred Fifty Thousand and 00/100 Dollars $750,000.00), value received, together with interest from date until maturity, upon disbursed and unpaid principal balances, at the rate hereinafter specified. The entire principal of and unpaid interest on this Note shall be due and payable in full on September 30, 2009.

    Subject to the limitations hereinafter set forth, the disbursed and unpaid principal balances of the indebtedness hereby evidenced shall bear interest prior to maturity at a variable rate per annum (the "Variable Rate") based on a three hundred sixty (360) day year which shall be equal to the lesser of (a) the maximum effective variable contract rate of interest ("Maximum Rate") which BMHCC may from time to time lawfully charge, or (b) a rate which is two hundredths percent (2.00%) per annum higher than the Prime Rate (as hereinafter defined), adjusted on the first day of each succeeding month to the extent of any published change in said Prime Rate during any applicable monthly period.

    The Prime Rate shall mean the Prime Rate of interest for an interest period of one (1) month, as reported in the Money Rates Section of The Wall Street Journal. Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, BMHCC, at its option, may do one or more of the following: (A) increase the Maker's payments to ensure the Maker's loan will pay off by its original final maturity date, (B) increase the Maker's payments to cover accruing interest, (C) increase the number of the Maker's payments, and (D) continue the Maker's payments at the same amount and increase the Maker's final payment.

    Any amounts not paid when due hereunder (whether by acceleration or otherwise) shall bear interest after maturity at the lesser of (a) ten percent (10%) per annum or (b) the maximum effective variable contract rate which may be charged by BMHCC under applicable law from time to time in effect.

    In the event that the foregoing provisions should be construed by a court of competent jurisdiction not to constitute a valid, enforceable designation of a rate of interest or method of determining same, the indebtedness hereby evidenced shall bear interest at the lesser of (a) ten


EXHIBIT A

percent (10%) per annum or (b) the maximum effective variable contract rate which may be charged by BMHCC under applicable law from time to time in effect.

The undersigned hereby indemnifies BMHCC and holds BMHCC harmless from any additional loss or expense which BMHCC may sustain or incur as a consequence of a default by the undersigned in payment of the principal amount of or interest on the loan evidenced hereby. The undersigned further agrees to enter into a modification of this Note, at the request of BMHCC, to bring this Note into compliance with any Change in Law (as hereinafter defined). "Change in Law" shall mean the adoption of any law, rule, regulation, policy, guideline or directive (whether or not having the force of law) or any change therein or in the interpretation or application thereof, in all cases by any Governmental Authority having jurisdiction over BMHCC, in each case after the date hereof. "Governmental Authority" shall mean any nation or government, any state or other political subdivision thereof and any entity exercising regulatory functions of or pertaining to government.

Payment of interest and the principal hereof, are payable at the principal business office of Baptist Memorial Health Care Corporation, 350 North Humphreys Boulevard, Memphis, Tennessee 38120, or at such other place as the holder may designate in writing, in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment. The privilege is reserved by Maker to prepay this Note in whole or in part, prior to maturity, without premium or penalty.

If the Maker shall fail to make payment of any amounts due hereunder, as above provided, or upon any default in any mortgage, trust deed, security agreement, or other instrument of pledge or hypothecation which now or hereafter secures the payment of the indebtedness evidenced hereby, or upon the dissolution, the death of Dr. Kenneth Williams, or upon any default in full payment, promptly as and when due (whether by reason of demand, acceleration or otherwise) of any other indebtednesses, liabilities or obligations of the Maker to BMHCC, then, in any of such events, the entire unpaid principal balance of the indebtedness evidenced hereby together with all interest then accrued, shall, at the absolute option of BMHCC, at once become due and payable, without demand or notice, the same being expressly waived.

If this Note is placed in the hands of an attorney for collection, by suit or otherwise, or to protect the security for its payment, or to enforce its collection, or to represent the rights of BMHCC in connection with any loan documentation executed in connection herewith, or to defend successfully against any claim, cause of action or suit brought by the Maker against BMHCC, the Maker shall pay on demand all costs of collection and litigation (including court costs), together with a reasonable attorney's fee. These include, but are not limited to, BMHCC's reasonable attorney's fees and legal expenses, whether or not there is a lawsuit, including

attorney's fees for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals.

BMHCC and the Maker hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either BMHCC or Maker against the other. To the extent permitted by applicable law, BMHCC reserves a right of setoff

The Maker and any endorsers or guarantors hereof waive protest, demand, presentment, and notice of dishonor, and agree that this Note may be extended, in whole or in part, without limit as to the number of such extensions or the period or periods thereof, without notice to them and without affecting their liability thereon.

It is the intention of BMHCC and the Maker to comply strictly with applicable usury laws; and, accordingly, in no event and upon no contingency shall the holder hereof ever be entitled to receive, collect, or apply as interest any interest, fees, charges or other payments equivalent to interest, in excess of the maximum effective contract rate which BMHCC may lawfully charge under applicable statutes and laws from time to time in effect; and in the event that the holder hereof ever receives, collects, or applies as interest any such excess, such amount which, but for this provision, would be excessive interest, shall be applied to the reduction of the principal amount of the indebtedness hereby evidenced; and if the principal amount of the indebtedness evidenced hereby, all lawful interest thereon and all lawful fees and charges in connection therewith, are paid in full, any remaining excess shall forthwith be paid to the Maker, or other party lawfully entitled thereto. All interest paid or agreed to be paid by the Maker shall, to the maximum extent permitted under applicable law, be amortized, prorated, allocated and spread throughout the full period until payment in full of the principal so that the interest hereon for such full period shall not exceed the maximum amount permitted by applicable law. Any provision hereof, or of any other agreement between the holder hereof and the Maker, that operates to bind, obligate, or compel the Maker to pay interest in excess of such maximum effective contract rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between the holder hereof and the Maker that is in conflict with the provisions of this paragraph.

This Note shall be governed and construed according to the statutes and laws of the State of Tennessee from time to time in effect, except to the extent that Section 85 of Title 12 of the United States Code (or other applicable federal statute) may permit the charging of a higher rate of interest than applicable state law, in which event such applicable federal statute, as amended and supplemented from time to time shall govern and control the maximum rate of interest permitted to be charged hereunder; it being intended that, as to the maximum rate of interest which may be charged, received, and collected hereunder, those applicable statutes and laws, whether state or federal, from time to time in effect, which permit the charging of a higher rate of

3

interest, shall govern and control; provided, always, however, that in no event and under no circumstances shall the Maker be liable for the payment of interest in excess of the maximum rate permitted by such applicable law, from time to time in effect.

Maker agrees to furnish BMHCC within five (5) business days after the end of each monthly period with complete and accurate copies of the unaudited balance sheet, statements of income and retained earnings and statements of cash flows as of the end of each monthly period (the "Interim Financials") while this Note is outstanding. To the extent that BMHCC determines in good faith that Maker will be unable to make the principal of and interest payments on this Note when due, BMHCC shall have the right to require Maker to furnish collateral reasonably acceptable to BMHCC to provide security for the outstanding obligations of Maker hereunder in an amount equal to one hundred twenty percent (120%) of the unpaid principal of and interest amounts due on this Note. If Maker is unable to post such collateral within ten (10) business days after receipt of written notice from BMHCC that it deems this Note to be inadequately collateralized, then BMHCC shall have the right to declare all amounts due under this Note to be immediately due and payable in full.

Maker acknowledges that BMHCC is making the interim loan to Maker evidenced by this Note in consideration of the following prior agreements between the parties: (a) Maker has previously granted to BMHCC pursuant to a letter agreement dated October 31, 2003 a right of first refusal to purchase the hospital facility located in Holly Springs, Mississippi that is presently owned and operated by Maker; and (b) consistent with BMHCC's healthcare mission in its market area, BMHCC and Maker have agreed to discuss in good faith the development of a financing plan for construction and development of a new hospital facility, and certain agreed upon ancillary medical related facilities (the "New Medical Facilities"), to be developed by Maker on a site adjacent to Maker's new medical clinic, with BMHCC providing some level of financing assistance for the development of said New Medical Facilities if the parties can reach a mutual agreement after Maker provides BMHCC with an overall development and operations plan (the "Overall Plan") for the New Medical Facilities that demonstrates the economic feasibility and the anticipated community benefits to be generated from the development and operation of the New Medical Facilities. Maker agrees to use its reasonable best efforts to provide (with reasonable input and assistance provided by BMHCC as requested by Maker) said Overall Plan to BMHCC on or prior to May 31, 2009.

4

This Note is hereby executed and delivered by an authorized officer of Maker on the date first written above.

ALLIANCE HEALTHCARE SYSTEM, INC.,
a Delaware corporation

By: _____
Kenneth Williams

Title: President

The undersigned entity hereby guarantees the punctual payment by Maker of all amounts due pursuant to this Note when due and the performance by Maker of all of its other obligations set forth in this Note.

MEDLANIX LLC,
a Mississippi limited liability company

By: _____
Kenneth Williams

Title:_Sole Manager

5

|||||
|---|---|---|---|
| H. Waid Ray<br>Associate Corporate Counsel<br>waid.ray@bmhcc.org |  BAPTIST.<br>CORPORATE<br>LEGAL SERVICES | | 350 N. Humphreys Blvd.<br>Memphis, TN 38120<br>Tel: 901.227.6668<br>Fax: 901.227.6664 |

December 6, 2010

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AND REGULAR MAIL

Alliance Healthcare System, Inc.
c/o Kenneth Williams
1430 Hwy. 4 East
Holly Springs, Mississippi 38634

Re: Promissory Note

Dear Dr. Williams:

  As you know, Alliance Healthcare System, Inc. ("Alliance") executed a Promissory Note in favor of Baptist Memorial Health Care Corporation ("Baptist") in the amount of $750,000. A copy of the Promissory Note is enclosed herewith for your ease of reference.

  That Promissory Note requires Alliance to pay interest "at a variable rate per annum (the "Variable Rate") based on a three hundred sixty (360) day year which shall be equal to the lesser of (a) the maximum effective variable contract rate of interest ("Maximum Rate") which BMHCC may from time to time lawfully charge, or (b) a rate which is two hundredths percent (2.00%) per annum higher than the Prime Rate (as hereinafter defined), adjusted on the first day of each succeeding month to the extent of any published change in said Prime Rate during any applicable monthly period." The Promissory Note further provides that "[a]ny amounts not paid when due hereunder (whether by acceleration or otherwise) shall bear interest after maturity at the lesser of (a) ten percent (10%) per annum or (b) the maximum effective variable contract rate which may be charged by BMHCC under applicable law from time to time in effect."

  You are hereby notified that you have defaulted under said Promissory Note due to your failure to repay the Promissory Note on or before September 30, 2009. Therefore, demand is hereby made upon you for full payment of the entire balance due on said Promissory Note in the amount of $750,000, plus interest that has accrued to date in the amount of $114,314.11, for a total of $864,314.11.



EXHIBIT B

If the entire amount due is not received on or before January 1, 2011, legal proceedings will be commenced against Alliance to recover the above amounts. As you should recall, the Note provides for the recovery of attorneys' fees in the event of default and Baptist shall seek to recover attorneys' fee if collection activity is required.

Your prompt attention to the foregoing is anticipated.

Sincerely,

H. Wald Ray
Associate Corporate Counsel

Enclosure

cc: Ms. Betty Toon Collins, Esq. with enclosure
401 East Capitol Street
Heritage Building, Suite 600
Jackson, Mississippi 39201

David Hogan without enclosure
Don Pounds without enclosure
Greg Duckett without enclosure

H. Waid Ray
Associate Corporate Counsel
waid.ray@bmhcc.org



350 N. Humphreys Blvd.
Memphis, TN 38120
Tel: 901.227.6668
Fax: 901.227.6664

December 6, 2010

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AND REGULAR MAIL

Medland, LLC
c/o Kenneth Williams
PO Box 5083
Holly Springs Mississippi 38634

Re:  Promissory Note

Dear Dr. Williams:

As you are aware, Medland, LLC is a guarantor on a $750,000 Promissory Note executed by Alliance Healthcare System, Inc. ("Alliance") in favor of Baptist Memorial Health Care Corporation ("Baptist"). A copy of the Promissory Note is enclosed herewith for your ease of reference.

Alliance has defaulted on the Promissory Note and is being given notice of default by Baptist. A copy of that notice is also enclosed herewith.

Please accept this letter as notice that Baptist will seek recovery from Medland, LLC in the event Alliance fails to make payment on the Promissory Note.

Sincerely,

H. Waid Ray
Associate Corporate Counsel

Enclosures

cc:  Ms. Betty Toon Collins, Esq. with enclosures
     401 East Capitol Street
     Heritage Building, Suite 600
     Jackson, Mississippi 39201



EXHIBIT C

David Hogan without enclosures
Don Pounds without enclosures
Greg Duckett without enclosures